OPINION OF THE COURT
Richard S. Lane, J.
Motion and cross motion seek summary judgment in plaintiff’s action to recover $17,464.52, the amount of a transfer fee (flip tax) exacted at the closing of the sale and assignment of plaintiff’s cooperative apartment No. 6F at premises 425 East 79th Street.
*74 The facts are undisputed.
Plaintiff purchased her apartment in February 1981 and sold it in October 1984.
A transfer fee equal to 10% of net profit was imposed by the First Amendment to the offering plan dated December 3, 1980. By the terms of the amendment the fee was imposed for a period of three years provided, however, that, on expiration, the board of directors was empowered to continue it, reduce it or eliminate it. Further by the terms of the amendment the proprietary lease and the bylaws of the cooperative corporation were deemed amended to provide accordingly.
The offering plan as so amended was confirmed and ratified by the board of directors on January 26, 1981, prior to plaintiff’s purchase. The bylaws were thereafter physically altered, but the form of the proprietary lease never was. In November 1983, prior to plaintiff’s sale, the board of directors exercised its authority to continue the imposition of the fee for another three years following expiration.
In Fe Bland v Two Trees Mgt. Co. (66 NY2d 556), the Court of Appeals invalidated fees of the kind imposed here because the board of directors was without authority and because of conflict with section 501 (c) of the Business Corporation Law requiring equality in treatment of shares of stock of the same class. The Legislature speedily responded with Laws of 1986 (ch 598) effective July 24, 1986 which amends section 501 (c) and reads in pertinent part as follows: "With respect to corporations owning or leasing residential premises and operating the same on a cooperative basis * * * shares of the same class shall not be considered unequal because of variations in fees or charges payable to the corporation upon sale or transfer of shares * * * that are provided for in proprietary leases, occupancy agreements or offering plans or properly approved amendments to the foregoing instruments.” The legislation was specifically made retroactive to the date of execution of any existing proprietary lease.
Whatever problems may have been inherent in the transfer fee here, as originally adopted, it would appear that it has been retroactively validated by the amendment to section 501 (c) of the Business Corporation Law. On all fours is Grossman v 322 W. 72 Apt. Corp. (NYLJ, Jan. 28, 1987, at 38, col 5), where the fee was likewise included in an amendment to the offering plan but not in the proprietary lease. To the argument premised on the proprietary lease as the contract be *75 tween the parties, Justice Kirschenbaum simply responded that "Plaintiff has failed to show that the proprietary lease ranks 'first among equals’ ” (supra, at 39, col 2).
At first I was troubled by the conclusory nature of Justice Kirschenbaum’s treatment of the contract issue. Perhaps there was power and right to impose the fee, but did the cooperative impose it? The answer lies in a rereading of Fe Bland v Two Trees Mgt. Co. (supra). As the Court of Appeals spelled out (at 563), in the unique relationship of shareholder/ lessee and cooperative corporation, neither the corporate nor the leasehold attributes can be viewed in isolation — the relevant provisions of all the related documents must be read together. The Legislature must have had that language in mind when it authorized transfer fees as provided in the various documents in the disjunctive.
Plaintiff seeks to step around the amended section 501 (c) of the Business Corporation Law by arguing that the transfer fee provided in the offering plan expired before her sale, and that the one at issue here was adopted only by the board of directors. She attempts to buttress this argument by reference to subsequent history in which in January 1987 the board of directors sought and obtained the requisite shareholder vote to amend the proprietary lease to include a transfer fee provision. The trouble with this argument is that the action of the board of directors in extending the transfer fee in November 1983 sprang from the same authority in the offering plan as amended as did the original imposition.
Plaintiff’s motion for summary judgment is denied, and defendant’s cross motion is granted.